IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JOSEPH DRAEGO, | AMENDED COMPLAINT |
| Plaintiff, | |
| vs. | Civil Action No. 3:16-cv-00057 |
| CITY OF CHARLOTTESVILLE, | |
| Defendant. | |

Plaintiff, Joseph Draego, by and through his attorneys, alleges as follows:

## JURISDICTION

1. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4) and 28 U.S.C. §§2201 and 2202.

## VENUE

2. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant City of Charlottesville is located within the boundary of the Charlottesville Division.

## PARTIES

4. Plaintiff Joseph Draego is an adult United States citizen and a resident of Charlottesville, Virginia.

5. Defendant City of Charlottesville (hereinafter "City") is a political subdivision of the Commonwealth of Virginia. The City is governed by a city council.

1

## FACTS

6. Plaintiff is an active and vocal participant in civic affairs. He firmly believes that some refugees pose a serious danger to our citizenry, specifically certain adherents of the Muslim faith.

7. The Charlottesville City Council allows members of the public to speak, on any topic, for three minutes, prior to or immediately following council meetings.

8. On June 20, 2016, Plaintiff appeared before the city council for the purpose of warning the City about an influx of Muslim refugees to our community and the danger he believes they pose. However, Plaintiff also noted that many Muslims are "real good people."

9. At the end of the meeting Plaintiff spoke again, criticizing certain Muslims in harsh terms and referring to them as "monstrous maniacs."

10. The mayor, who is the presiding officer at all city council the meetings, ruled that the aforesaid comments violated the council's rules prohibiting "group defamation" and prohibited Plaintiff from speaking further. The mayor's decision was ratified by the entire city council.

11. The city council of the Defendant City of Charlottesville has adopted and enforced a rule that prohibits certain speech, including "Defamatory attacks on . . . groups."

12. Plaintiff speech did not disturb or impede the meeting, nor did it limit or extend the time permitted all speakers.

13. The conduct Plaintiff engaged in and seeks to continue is expressive activity protected by the First Amendment to the United States Constitution.

## FIRST CAUSE OF ACTION
(Rule Not Content Neutral - No Compelling Interest)

14. The aforesaid rule is not content neutral since it allows praise of groups but not criticism.

15. As a content-based restriction on speech, Defendant lacks a compelling interest in enforcing the rule in question.

16. Whatever the interests of Defendant, prohibiting speech is not the least restrictive means of accomplishing those interests.

17. Therefore, the rule at issue violates the First Amendment to the United States Constitution.

18. As a direct and proximate result of the conduct of Defendant in enforcing the rule Plaintiff has and will continue to suffer harm, including, but not limited to, damages to his right to communicate.

## SECOND CAUSE OF ACTION
(Overbreath and Vagueness)

19. The terms "defamatory attacks on groups" is vague and overbroad and sweeps within its prohibition a substantial amount of speech protected by the First Amendment to the United States Constitution.

20. Thus, the rule is unconstitutional on its face in violation of the First Amendment to the United States Constitution.

21. As a direct and proximate result of the conduct of Defendant in enforcing the rule Plaintiff has and will continue to suffer harm, including, but not limited to, damages to his right to communicate.

## THIRD CAUSE OF ACTION
(Rule Unconstitutional as Applied)

22. The statements made by Plaintiff are protected by the First Amendment to the United States Constitution.

23. Defendant's enforcement of the rule at issue, based on the content of Plaintiff's speech, violated Plaintiff's First Amendment rights.

24. As a direct and proximate result of the conduct of Defendant in enforcing the rule Plaintiff has and will continue to suffer harm, including, but not limited to, damages to his right to communicate.

## FOURTH CAUSE OF ACTION
(Violation of Virginia Constitution, Art. I, § 12)

25. The rule at issue and its application to Plaintiff's speech violates the Art I, § 12 of the Virginia Constitution.

26. As a direct and proximate result of the conduct of Defendant in enforcing the rule Plaintiff has and will continue to suffer harm, including, but not limited to, damages to his right to communicate.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff asks the Court for the following relief against the Defendant:

a. that a declaratory judgment be entered pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., declaring the Defendant's Rule prohibiting "group defamation" be declared unconstitutional in violation of the First and Fourteenth Amendments to the United States Constitution on its face and as applied to the Plaintiff.

b.      that an injunction issue enjoining the enforcement of the Rule at issue here;

c.      that Plaintiffs be awarded compensatory and nominal damages;

d.      that Plaintiffs be awarded costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and,

e.      such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                    Respectfully submitted,

                    JOSEPH DRAEGO
                    By counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #75643
913 E. Jefferson Street
Charlottesville, VA 22902
Tel 434-984-0300
Fax 434-220-4852

Steven D. Rosenfield, VSB #16539
913 East Jefferson Street
Charlottesville, VA 22902
Tel 434-984-0300
Fax 434-220-4852

Counsel for Plaintiff

                    July 28, 2016